**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
UNITED STATES OF AMERICA

                      -against-                  **MEMORANDUM OF
DECISION AND ORDER**
92-CR-679 (ADS)

CARRIE L. CHANDLER,

                                  Defendant.
---------------------------------------------------------------X

**APPEARANCES:**

**BENTON J. CAMPBELL, UNITED STATE ATTORNEY EASTERN
DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
      By: Burton Ryan, Jr., Assistant United States Attorney

**CARRIE CHANDLER PENA**
Pro Se Defendant
P.O. Box 4422
New York, N.Y. 10163

**SPATT, District Judge**.

      This case has been closed since 1994. Nevertheless, before the Court is a motion by pro se Defendant Carrie L. Chandler Pena ("the Defendant") requesting that the Court direct the Clerk's Office to correct two docket entries in her case. For the reasons that follow, the Defendant's motion is denied.

**DISCUSSION**

Although the Court assumes the parties' familiarity with the facts and lengthy procedural history of this case, a brief review is in order. On March 5, 1993, a grand jury returned a five-count Second Superseding Indictment against the Defendant charging that she: (1) possessed and used false identification documents in violation of 18 U.S.C. § 1028 ("Count One"); (2) made a false statement in her application for a passport in violation of 18 U.S.C. § 1542 ("Count Two"); (3) made fraudulent use of a passport in violation of 18 U.S.C. § 1546 ("Count Three"); (4) threatened a federal witness in violation of 18 U.S.C. § 1512 ("Count Four"); and (5) committed bank fraud in violation of 18 U.S.C. § 1344 ("Count Five").

The Defendant proceeded to a jury trial on July 6, 1994. At the close of the Government's case, the Defendant sought a judgment of acquittal on Counts One through Four under Fed. R. Crim. P. 29 ("Rule 29"). The Court denied the Defendant's motion as to Count One and Count Two, reserved decision on Count Three, and granted the Defendant's motion as to Count Four.

With respect to Count Four, the Defendant argued, among other things, that the Government failed to prove that she threatened a witness to prevent her from testifying in an official proceeding. Transcript at 904. The Court agreed with the Defendant, noting to the prosecutor that the Government's evidence fell well short of establishing a violation of 18 U.S.C. § 1512. Id. at 905-906. The Government acknowledged that

the evidence was insufficient and consented to the Defendant's Rule 29 motion to dismiss Count Four. Id. at 906.

At the close of her case, the Defendant renewed her Rule 29 motion to dismiss Count Three. The Court granted the Defendant's motion, determining that 18 U.S.C. § 1546 did not permit a charge for the fraudulent use of a passport. Tr. at 1125. On July 12, 1994, the jury convicted the Defendant on Counts One, Two, and Five.

More than fourteen years later, the Defendant now seeks an order directing the Clerk of the Court to correct two perceived errors on the docket sheet. In particular, the Defendant claims that Docket Entry 185 and Docket Entry 186 are erroneous because they suggest that Count Three and Count Four were dismissed on the Government's motion and not in response to the Defendant's own Rule 29 motion.

Docket Entry 185, a calendar entry dated July 11, 1994, provides the following:

> CALENDAR ENTRY as to Carrie Chandler ; Case called before Judge Arthur D. Spatt on date of 7/11/94 at 9:30 for Cr cause on Jury Trial; Jury Trial resumes; Court Reporter/ESR Joseph Barbella Tape # AUSA Burton Ryan, Jr.,; *Deft's motion rule 29 for Judgment of Acquital [sic]; Argued on Count 1; Motion denied; on Count 3 decision reserved; on Count 4 Government consents to dismiss; motion granted, Count 4 dismissed; on Count 2 motion denied*; jury excused 7/12/94 at 12:30; Presummation/Charge Conf. held and continued to 7/12/94 at 9:00 set Jury trial for 9:00 7/12/94 for Carrie Chandler before Judge Arthur D. Spatt ; (Lundy, Lisa) (Entered: 08/08/1994)

3

92-CR-679, Docket Entry 185, dated July 11, 1994 (emphasis added). Having reviewed the transcripts, the Court finds that there is no basis to revise Docket Entry 185 because it accurately reflects the proceedings. Docket Entry 185 notes that, in response to the Defendant's Rule 29 motion, the Government consented to the dismissal of Count Four. This is precisely what happened.

Docket Entry 186, a calendar entry dated July 12, 1994, provides the following:

> CALENDAR ENTRY as to Carrie Chandler ; Case called before Judge Arthur D. Spatt on date of 7/12/94 at 9:00 for Cr cause on Jury Trial Court Reporter/ESR Joseph Barbella Tape # AUSA Burton Ryan, Jr.; Pre-Summation/ Chare [sic] Conf Continued; *Decision entered on the deft's motion for a Judgment of Acquittal on Count three; motion granted; Count three is dismissed*; Governments [sic] summation; Deft's summation; Government's rebuttal summation; The Court charges the Jury; The Jury deliberates;Jury Trial ends; Guilty Verdict on Counts 1,2 & 5 of of Superceding [sic] Indictment; Sentencing set for 7/22/94 at 10:30; Referred to Probation Dept for PSI; Deft to make motions prior to time of sentence; The Governments moves for the dentention [sic] of the deft pursuant to 18USC 3143; Motion argued; Decision entered on the record. (Lundy, Lisa) (Entered: 08/08/1994)

92-CR-679, Docket Entry 186, dated July 12, 1994 (emphasis added). Docket Entry 186 is also accurate. Docket Entry 186 correctly states that the Court dismissed Count Three in response to the Defendant's renewed Rule 29 motion. Accordingly, there is no basis for directing the Clerk of the Court to revise Docket Entry 186.

### III. CONCLUSION

The Defendant's motion to correct Docket Entry 185 and Docket Entry 186 in 92-CR-679 is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
January 16, 2010

                                                 */s/ Arthur D. Spatt*
                                                   ARTHUR D. SPATT
                                              United States District Judge