**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA

                    -against-
                                                **MEMORANDUM OF**
                                                        **DECISION AND ORDER**
                                                        92-CR-679 (ADS)

CARRIE L. CHANDLER,

                                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**LORETTA E. LYNCH, UNITED STATE ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
        By: Burton Ryan, Jr., Assistant United States Attorney

**CARRIE CHANDLER PENA**
Pro Se Defendant
P.O. Box 4431
New York, N.Y. 10163

**SPATT, District Judge**.

       By order dated January 16, 2010, this Court denied a motion by defendant Carrie Chandler ("the Defendant") to correct two docket entries in the above-referenced case. See United States v. Chandler, No. 92-CR-679, Docket Entry # 360 (January 16, 2010) ("the January 16, 2010 order"). Specifically, the Court found that the two docket entries, Docket Entry 185 and Docket Entry 186, correctly reflected that Count Three and Count Four of the Second Superseding Indictment were dismissed in response to a motion by Chandler pursuant to Fed. R. Crim. P. 29.

On April 12, 2010, the Defendant filed a letter motion seeking reconsideration of the Court's January 16, 2010 order on the ground that her motion sought a correction to the index portion of the docket sheet and not to the specific entries on the docket. Currently, the index section of the docket sheet includes four entries under "Disposition" that state "Counts 1,2,3ss,4ss are dismissed on the Governments motion". According to the Defendant, these entries incorrectly attribute the dismissal of Counts Three and Four of the Second Superceding Indictment to the government's motion. Furthermore, in footnotes, which are explicitly prohibited under this Court's Individual Rules (see Individual Motion Practices II.A ("Footnotes are not permitted in any papers, including letters, filed with the Court.")),the Defendant requests that the Court remove: (1) the reference to Gary Schoer, Esq. as "Lead Attorney", "Attorney to be Noticed", and "Retained" because he was court-appointed standby counsel and he is no longer counsel and (2) the reference in the index portion of the docket sheet to the dismissal of Counts One and Two because those Counts were not dismissed.

With regard to the Defendant's motion to correct the references to the disposition of Counts Three and Four of the Second Superceding Indictment as being dismissed on the Government's motion, the Court grants this request. To the extent that the Defendant's motion is seeking to correct a clerical error, the Government does not oppose this motion and recommends that the words "on the Governments motion" be removed from the notations on the index portion of the docket sheet addressing Counts Three and Four. (See April 2, 2011 Letter, Docket Entry 368.) The Government contends that no further exposition or clarification is necessary beyond the recommended change by the Government insofar as this Court held in the January 16, 2010 order that Docket Entries 185 and 186 accurately reflect the disposition of Counts Three and Four. The Court agrees.

In addition, the Court grants the Defendant's request to revise the reference to Gary Schoer, Esq. to indicate that he was court-appointed standby counsel. However, the Court notes that the ECF system does not include an option to indicate that a lawyer is standby counsel or a legal advisor, and that attorneys fulfilling those roles are designated with the entry "Attorney to be Noticed".

Finally, the Court denies the Defendant's motion to modify any reference to the dismissal of Counts One and Two of the initial indictment. As correctly noted by the Government, after the Court sentenced the Defendant, all open counts from the underlying indictments were dismissed by the Government. Accordingly, the docket correctly reflects the dismissal of Counts One and Two by the Government.

As a result, it is hereby

**ORDERED**, that the Defendant's motion is granted in part and denied in part, and it is further

**ORDERED**, that the Clerk of the Court is directed to remove the words "on the Governments motion" from the four entries in the index portion of the docket sheet that currently state "Counts 1,2,3ss,4ss are dismissed on the Governments motion", so that the entries will now state "Counts 1,2,3ss,4ss are dismissed", and it is further

**ORDERED**, that the Clerk of the Court is to remove the notation "LEAD ATTORNEY" from the entry for Gary Schoer, Esq., and to change the designation from "Retained" to "CJA Appointment".

**SO ORDERED.**
Dated: Central Islip, New York
June 29, 2011

                                                       _/s/ Arthur D. Spatt_
                                                      ARTHUR D. SPATT
                                                      United States District Judge